# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM BROCKMAN,

      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

      Agency.

DOCKET NUMBER
SF-315H-15-0479-I-1

DATE: December 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Julia Aparicio-Mercado, Esquire, Burbank, California, for the appellant.

Maureen Ney, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this final order to find that the Board has jurisdiction over the appellant's Veterans Employment Opportunities Act of 1998 (VEOA) claim and to dismiss that claim for failure to state a claim upon which relief can be granted, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant's appointment to the position of Motor Vehicle Operator, WG-5703-7, in the competitive service, was terminated effective March 17, 2015. Initial Appeal File (IAF), Tab 4 at 16, 18-20. This position was subject to a 1-year probationary period that began on March 23, 2014. *Id* at 32. The appellant is a preference-eligible veteran. *Id.*

¶3 The appellant filed an appeal alleging, in part, that the agency violated his veterans' preference rights. IAF, Tab 1 at 6. After affording the parties the opportunity to address the jurisdictional issues, IAF, Tab 2, the administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing, as requested, IAF, Tab 6, Initial Decision (ID). The administrative judge found that the appellant failed to make a nonfrivolous allegation that he is an "employee" with appeal rights under 5 U.S.C. chapter 75, ID at 6-12, failed to make a nonfrivolous allegation of a basis for jurisdiction under 5 C.F.R. § 315.806, ID at

12-14, and did not meet VEOA's requirement that he first exhaust his remedies before the Department of Labor (DOL), ID at 14-17.

¶4    The appellant has filed a petition for review, attaching alleged new evidence to establish that he has now exhausted his remedy with DOL.  Petition for Review (PFR) File, Tab 1.  The agency has filed an opposition to the appellant's petition, arguing that he has not shown that this new evidence was unavailable prior to the record closing below.  PFR File, Tab 3.

The Board does not have jurisdiction to hear the appellant's probationary termination claim.

¶5    Because the appellant's appointment to a position in the competitive service was terminated, he must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under 5 U.S.C. chapter 75.  *See Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010).  To qualify as an "employee," the appellant must show that he was not serving in a probationary period or had completed 1 year of current, continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).  The Standard Form 50 (SF-50) documenting the appellant's appointment states that his appointment was subject to a 1-year initial probationary/trial period beginning on March 23, 2014.  IAF, Tab 4 at 32.  The SF-50 documenting the termination of the appellant's appointment states that the effective date was March 17, 2015.  *Id.* at 16.  The appellant stated in his appeal that the termination was effective on March 28, 2015.  IAF, Tab 1 at 4.  However, we agree with the administrative judge's finding that this assertion alone, without any supporting evidence or allegations of fact that could support such a finding, is insufficient to constitute a nonfrivolous allegation that the termination was effective on that date.  ID at 7; *see* 5 C.F.R. § 1201.4(s).

¶6    As found by the administrative judge, the appellant's previous civilian Federal service occurred more than 14 years prior to the appointment at issue and

was at another agency; therefore, he could not tack his prior service to his service with the agency to complete his probationary period and so he did not have 1 year of current, continuous service at the time of his termination. ID at 8-11. A probationary employee may nevertheless have a limited regulatory right to appeal if he alleges that his termination was due to discrimination based on partisan political reasons or marital status, or for conditions arising preappointment and the required procedures were not followed. *Henderson*, 114 M.S.P.R. 149, ¶ 9; 5 C.F.R. § 315.806. We agree with the administrative judge's findings that the appellant was terminated based on allegations of misconduct that occurred during his probationary period and he has not made a nonfrivolous allegation that his termination was based on partisan political reasons, marital status, or preappointment reasons. ID at 14. Although the appellant contends that he did nothing that would justify the termination of his appointment, that argument relates to the reasons underlying the merits of the termination and is immaterial to the jurisdictional issue. *See Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980).

<u>The Board has jurisdiction over the appellant's VEOA claim, but he is not entitled to corrective action.</u>

¶7 The Board has found that if an appellant raises a veterans' preference violation claim as an affirmative defense in an appeal of an adverse action that is not within the Board's jurisdiction, the Board should consider the allegation as a possible stand-alone VEOA appeal. *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 14 (2009). To establish the Board's jurisdiction over a VEOA claim based on an alleged violation of veterans' preference rights, an appellant must show that he exhausted his remedy with DOL and make a nonfrivolous allegation of the following: (1) he is a preference eligible within the meaning of VEOA; (2) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (3) the agency violated his rights under a statute or regulation relating to veterans' preference. *Haasz v. Department of Veterans*

*Affairs*, [108 M.S.P.R. 349](#), ¶ 6 (2008).  The administrative judge found that the Board lacked jurisdiction over the appellant's VEOA claim because he had not exhausted his remedy before DOL.  ID at 16.

¶8        For the appellant to meet VEOA's requirement that he exhaust his remedy with DOL, he must establish the following:  (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint.  *Davis v. Department of Defense*, [105 M.S.P.R. 604](#), ¶ 7 (2007).  The appellant filed his appeal without first exhausting the DOL complaint process, IAF, Tab 1 at 5, and he did not submit evidence to the administrative judge showing that he subsequently exhausted his remedy with DOL.  Thus, the administrative judge appropriately determined that the Board lacked jurisdiction under VEOA.  ID at 15-16.  The appellant has filed new evidence on review showing that he has exhausted the DOL complaint process.  PFR File, Tab 1, Exhibit 1.  In opposing the appellant's petition for review, the agency argues that the new evidence was available prior to the issuance of the initial decision.  PFR File, Tab 3 at 5.

¶9        The record on jurisdiction closed on May 5, 2015.  IAF, Tab 2 at 5.  The administrative judge informed the parties that no new evidence or argument would be accepted after that date unless the party submitting it showed that it was not available before the record closed or was in rebuttal to new evidence filed by the opposing party.  *Id.* at 5-6.  The letter from DOL is dated May 22, 2015, and was apparently received by the appellant on July 13, 2015.[2]  PFR File, Tab 1 at 5.  The initial decision was issued on July 27, 2015.  As the agency argues, pursuant to [5 C.F.R. § 1201.59](#)(c), the appellant could have filed this evidence prior to the

---

[2] The appellant asserts that his VEOA claim "ripened" on July 13, 2015.  PFR File, Tab 1 at 5.  We will assume for the purposes of adjudicating this petition that the term "ripened" refers to the date the appellant received written notification of the results of the DOL investigation.

issuance of the initial decision, but we will not exclude this material evidence from the record on that basis.

¶10 The remaining requirements for establishing the Board's jurisdiction under VEOA also have been met. The appellant has made a nonfrivolous allegation that he is a preference eligible within the meaning of VEOA. IAF, Tab 4 at 6, 16, 32. The appellant alleges that the agency violated his right to veterans' preference in terminating his appointment during his probationary period. IAF, Tab 1 at 6. An appellant need not state a claim upon which relief can be granted for the Board to have jurisdiction over a VEOA claim. *Haasz*, 108 M.S.P.R. 349, ¶ 6. The Board has held that an allegation in general terms that an appellant's veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement. *Id.*, ¶ 7.

¶11 Although the appellant prematurely filed his appeal prior to exhausting his remedies before DOL, the Board's practice is to adjudicate an appeal that was premature when initially filed but becomes timely while pending. *See Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004). Because the appellant now has exhausted the DOL complaint process and he has met the other jurisdictional requirements for a VEOA claim, we modify the initial decision to find that the Board has jurisdiction over his VEOA claim. *See id.* Nevertheless, the appellant is not entitled to corrective action under VEOA. An appeal that is within the Board's jurisdiction can be dismissed for failure to state a claim upon which relief can be granted if the appellant cannot obtain relief before the Board even if his allegations are accepted as true. *Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010). Dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law. *Id.* The appellant contends that the agency failed to provide him veterans' preference in deciding to terminate his appointment during his probationary period. IAF, Tab 1 at 6. The appellant has not identified any statute or regulation providing

veterans' preference when terminating an appointment during a probationary period. We also are unaware of any statute or regulation providing veterans' preference under the facts presented here. Thus, we find that the appellant's claim is not one on which corrective action under VEOA can be granted, and we dismiss the VEOA claim, without the requested hearing, based on a failure to state a claim. *See Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007) (finding that the Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this final order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.